```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
ALBERT DISHNER,                                               :
                                    Petitioner,               :
                                                              :          16 Civ. 04191 (LGS)
              v.                                              :
                                                              :          **OPINION AND ORDER**
HENRY M. ZACHS,                                               :
                                                              :
                                    Respondent.               :
                                                              :
------------------------------------------------------------- X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: Dec 19, 2016
```

LORNA G. SCHOFIELD, District Judge:

Petitioner Albert Dishner ("Dishner") petitions to confirm a July 8, 2015, arbitration award rendered in his favor. Respondent Henry Zachs ("Zachs") does not oppose the motion. For the reasons set forth below, Dishner's motion to confirm the arbitration decision is granted.

### I.      Background

On or about November 30, 2012, Zachs filed a Statement of Claim and commenced a Financial Industry Regulatory Authority ("FINRA") arbitration proceeding against Dishner and Credit Suisse Securities (USA) LLC. Zachs sought approximately $3.9 million in compensatory damages based on allegations of unauthorized trading, failure to disclose risks, breach of fiduciary duty and unsuitability. Dishner submitted a Statement of Answer on or about February 4, 2013.

On July 8, 2015, a FINRA arbitration panel denied Zachs' claim in its entirety following an evidentiary hearing. The panel instead rendered an award in favor of Dishner (the "Award"), recommending that the Central Registration Depository expunge any record pertaining to the FINRA arbitration from Dishner's registration records. In reaching its conclusion, the panel found that "[Zachs'] allegations against [Dishner] were patently untrue, impossible or false."

The panel further found that Zachs "directed all trades and did not rely on [Dishner's] advice on trading." The panel's decision indicates that Dishner must obtain confirmation of the Award before the Central Registration Depository will execute the expungement directive.

On or about April 19, 2016, Dishner sought permission from FINRA to waive FINRA's Rule 2080 requirement that the agency be named as a party to all petitions seeking judicial confirmation of arbitration awards containing expungement relief. FINRA granted Dishner's request on May 19, 2016.

On June 6, 2016, Dishner commenced this action to confirm the Award. Dishner served Zachs with a petition to confirm the Award on June 28, 2016. Zachs did not timely respond to the petition. In a letter to the Court dated September 6, 2016, Dishner stated that "[Zachs] . . . has informed us that he will not appear or otherwise participate in this proceeding." Zachs was ordered to file any opposition to the petition by October 7, 2016, which he did not do.

## II.     Discussion

The Award is confirmed. The Federal Arbitration Act ("FAA") governs confirmation of an award rendered in a FINRA arbitration. *See, e.g.*, *STMicroelectronics, N.V. v. Credit Suisse Secs. (USA) LLC*, 648 F.3d 68, 71, 73-78 (2d Cir. 2011) (applying FAA to motion to vacate FINRA arbitration decision); *Wells Fargo Advisors, LLC v. Mercer*, 14 Civ. 9279, 2016 WL 110526, at *1 (S.D.N.Y. Jan. 8, 2016) (applying FAA to motion to confirm FINRA arbitration decision). Ordinarily, confirmation of an arbitration decision is "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Citigroup, Inc. v. Abu Dhabi Inv. Auth.*, 776 F.3d 126, 132 (2d Cir. 2015). The Court "must grant [a request to confirm a decision] unless the award is vacated, modified, or corrected." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (quoting 9 U.S.C. § 9) (internal quotation marks

omitted).  "The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." *Id.* (internal quotation marks omitted).  A "barely colorable" justification for the arbitrator's decision is sufficient to meet that standard.  *Id.*

Under the FAA, the losing party in an arbitration proceeding has three months to move for vacatur or modification of the arbitration award following the proceeding.  *See* 9 U.S.C. § 12.  "When the three month limitations period has run without vacation of the arbitration award, the successful party has a right to assume the award is valid and untainted, and to obtain its confirmation in a summary proceeding."  *Florasynth, Inc. v. Pickholz,* 750 F.2d 171, 177 (2d Cir. 1984).  Generally, "a district court should treat an unanswered . . . petition to confirm . . . as an unopposed motion for summary judgment."  *D.H. Blair*, 462 F.3d at 110.

Here, the three-month limitations period for challenging the Award expired on October 8, 2015.  Zachs did not move to vacate or modify the Award before that date, and has since indicated to Dishner that he does not intend to "participate in" the proceeding.  However, "when ruling on [an unopposed] motion to confirm an arbitration award, the court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion."  *Trustees of the UNITE HERE Nat'l Health Fund v. JY Apparels, Inc.*, 535 F. Supp. 2d 426, 428-29 (S.D.N.Y. 2008).

Dishner's motion to confirm has merit.  The FINRA arbitration panel's finding is not disputed, and is supported by the record before the panel at the time it made its decision.  Therefore, as there are "no material issue[s] of fact remain[ing] for trial" and the "arbitrator's decision can be inferred from the facts of the case," Dishner is entitled to summary confirmation of the Award.  *D.H. Blair*, 462 F.3d at 110; *see also, e.g.*, *Nat'l Health Fund*, 535 F. Supp. 2d at

429 (confirming arbitration award where "respondents have offered no opposition and have not raised any questions of fact," "arbitrator sufficiently justified his conclusion" based on audit of respondent's payroll records conducted petitioner and there was no evidence of improper action by arbitrator).

### III.     CONCLUSION

For the foregoing reasons, Dishner's motion for confirmation of the Award is GRANTED.

Dated:  December 19, 2016
        New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**